IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAPITAL ONE, N.A. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| MARINA KAMBUROVA AND FELIX GOROVODSKY | § § § § | |
| Defendants. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR INTERPLEADER
AND DECLARATORY JUDGMENT**

TO THE HONORABLE COURT:

Pursuant to THE FEDERAL INTERPLEADER ACT 28 U.S.C. §§ 1335 AND 2361, OR ALTERNATIVELY, FEDERAL RULE OF CIVIL PROCEDURE 22, Capital One, N.A. ("Capital One" or "Plaintiff") files this Original Complaint for Interpleader and Declaratory Judgment ("Complaint for Interpleader") seeking to resolve the competing claims asserted by Marina Kamburova and Felix Gorovodsky (together, the "Defendants") to the funds deposited with Plaintiff, and would respectfully show the Court the following:

**JURISDICTION AND VENUE**

1. This is an action in interpleader. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1335. As detailed further, Defendants are of diverse citizenship. The amount of the interpleaded funds, One Hundred Ten Thousand Four Hundred Seventy-One Dollars And Ninety-Six Cents ($110,471.96), is substantially in excess of the $500.00 minimum amount in controversy required by the statute. Capital One has or will tender for deposit into the registry of the Court the total amount that is the subject matter of this controversy pursuant to 28 U.S.C. §

27222998v.1                                         1

1335(a)(2). Alternatively, this Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This is a civil action between citizens of different states and there exists complete diversity of citizenship between the parties. Further, the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue of this case is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.  One or more Defendants has maintained sufficient contacts with this district such that the Court's exercise of specific and/or general jurisdiction over them is proper.

## THE PROPERTY

3. The property subject to this interpleader is money that is or was on deposit in one or more accounts with Capital One belonging to one or more of the Defendants.

4. The value of the property subject to this interpleader is cash in the amount of One Hundred Ten Thousand Four Hundred Seventy-One Dollars And Ninety-Six Cents ($110,471.96).

## NATURE OF THE COMPLAINT

3. This is a Complaint for interpleader and declaratory relief wherein Capital One seeks (i) an order authorizing Capital One's deposit into the registry of the Court the following funds at issue—(a) Capital One 360 Money Market account ending in -0548 containing the amount of Seventeen Thousand One Hundred Dollars And Eleven Cents ($17,100.11), (b) Capital One 360 Checking account ending in -7575 containing the amount of Fifty One Thousand Third Hundred Ninety-Eight Dollars and Eighty Cents ($51,398.80), and (c) Capital One 360 Money Market account ending in -0342 containing the amount of Forty One Thousand Nine Hundred Seventy-Three Dollars and Five Cents ($41,973.05); (ii) an order declaring that the total amount of One Hundred Ten Thousand Four Hundred Seventy-One Dollars And Ninety-Six Cents

($110,471.96), together with earned interest, if any, interpleaded by Capital One is the maximum extent of Capital One's liability to the Defendants and any and all other parties/entities asserting claims to these funds; and (iii) an order declaring Capital One to be a disinterested party and an innocent third-party stakeholder and dismissing Capital One from this action with prejudice.

## PARTIES

4.      Plaintiff Capital One is a national bank association and is a citizen of Virginia. Capital One is authorized to do business in the State of Texas.

5.      Defendant Marina Kamburova is a legal resident of the United States with her last known place of residence located at 511 Airybrook Lane, Houston Texas 77094. She may be served at 511 Airybrook Lane, Houston Texas 77094 or wherever else she may be found.

6.      Defendant Felix Gorovodsky is an individual resident of the State of Massachusetts. He may be served at 18 Paradise Road, Swampscott, Massachusetts, 01907 or wherever else he may be found.

## FACTUAL BACKGROUND

7.      Plaintiff Marina Kamburova, with the assistance of Defendant Felix Gorovodsky (collectively, the "Defendants"), opened a Capital One 360 Money Market account ending in -0548 on or about April 20, 2019 in Houston, Texas (the "Money Market Account"). The Money Market Account is an online savings account that is maintained by the accountholder. The amount of $266,970.41 was received in the Money Market Account via wire transfer on or about May 9, 2019.

8.      Ms. Kamburova, with the assistance of Mr. Gorovodsky, opened a Capital One 360 Certificate of Deposit account ending in -0376 (the "CD Account") on or about May 15, 2019 in Houston, Texas. Ms. Kamburova authorized the amount of $250,000.00 be transferred from the Money Market Account to the CD Account, and this transfer occurred on or about May 15, 2019.

9. At some point soon after each account was opened, Mr. Gorovodsky became a joint holder on both accounts.

10. On or about April 9, 2020, the CD Account was closed via online. The balance of $252,915.98 was transferred to Mr. Gorovodsky's separate account ending in -7575. The CD Account was closed under Mr. Gorovodsky's profile.

11. On or about July 2019, Ms. Kamburova went to the Greenspoint branch of Capital One located in Houston, Texas and met with a branch representative seeking assistance to remove Mr. Gorovodsky as a power of attorney on her accounts. Ms. Kamburova was informed that Mr. Gorovodsky was not listed as a power of attorney on her accounts but was a joint holder of these accounts. Ms. Kamburova requested that the branch representative remove Mr. Gorovodsky from the accounts, but the branch representative informed Ms. Kamburova she could not remove him, that Ms. Kamburova would need to go online and do so. Ms. Kamburova attempted to go through the online removal process as the branch representative sat alongside her but there was an issue with Ms. Kamburova's attempt to do so. Ms. Kamburova informed the branch representative that Ms. Kamburova would call Capital One 360 directly once she got home and if there were any problems, Ms. Kamburova would return to the branch for assistance. Ms. Kamburova did not return to the branch.

12. On or about April 27, 2020 and/or May 2, 2020, Ms. Kamburova called Capital One stating that her CD Account had been closed and she had not closed the account.

13. Capital One froze access to the remaining funds that were transferred from the CD Account into Mr. Gorovodsky's 360 Checking account ending in -7575 and 360 Money Market account ending in -0342 (collectively, the "Disputed Funds"), and initiated an investigation.

During the course of the investigation, Capital One obtained information and documentation from Ms. Kamburova and Mr. Gorovodsky and reviewed its own files and systems.

14.     Ms. Kamburova asserts that Mr. Gorovodsky was to assist Ms. Kamburova with the opening of the Money Market Account and CD Accounts but she never authorized Mr. Gorovodsky to be on the accounts or to access the funds contained in those accounts.

15.     In contrast, Mr. Gorovodsky asserts that he is entitled to the Disputed Funds. He provided Capital One with a "Notice/Letter of Gifting" ("Notice") dated May 15, 2019. The Notice states that Mr. Gorovodsky and Ms. Kamburova had an agreement that allowed one or more of Ms. Kamburova's accounts to be opened as joint accounts. It further states that the funds contained in the accounts were a gift to Mr. Gorovodsky from Ms. Kamburova.

16.     Ms. Kamburova asserts that the Notice/Letter of Gifting is fraudulent and asserts full entitlement to the Disputed Funds.

**COUNT I: COMPLAINT IN INTERPLEADER AND DECLARATORY JUDGMENT**

17.     The statements in the preceding paragraphs 1 through 16 are incorporated herein by reference.

18.     As detailed above, the Defendants' claims are adverse and conflicting. Based upon Capital One's investigation, it is unable to make a determination as to whom the funds at issue belong. By reason of the actual and/or potential claims of the Defendants, Capital One has a reasonable fear that it is or may be exposed to double or multiple liability because of these adverse claims.

19.     Capital One does not have any interest in the Disputed Funds. Capital One has, at all times, been willing to deliver the Disputed Funds to the proper owner. However, in light of the competing claims to the Disputed Funds, Plaintiff seeks to have the competing claims resolved by

the Court so as to avoid double or multiple liability, multiple lawsuits and unnecessary costs. Plaintiff seeks resolution of the conflicting claims in good faith.

20. Therefore, Plaintiff hereby tenders for deposit with the Court the sum of One Hundred Ten Thousand Four Hundred Seventy-One Dollars And Ninety-Six Cents ($110,471.96), which represents the maximum amount for which Plaintiff is liable.

21. Pursuant to 28 U.S.C. § 2361, Plaintiff asks the Court to order the Defendants to be restrained from instituting any proceeding in state or federal court affecting the Disputed Funds involved in this interpleader action, namely any proceedings against Plaintiff with regard to the Disputed Funds.

22. Declaratory judgment is proper as the competing claims to the Disputed Funds present an actual, justiciable controversy, which controversy will be resolved by the requested determination. *See* 28 U.S.C. § 2201 (creating the remedy of declaratory judgment for actual, justiciable controversies that are within the court's jurisdiction). A judgment declaring that Capital One is entitled to deposit the Disputed Funds into the Court's registry and be discharged from this matter with prejudice will serve the useful purpose of clarifying and settling Defendants' competing claims to the Disputed Funds as to Capital One, and provide relief to Capital One from the uncertainty presented by those competing claims.

## ATTORNEYS' FEES

23. Because of the ongoing dispute among the Defendants concerning ownership of the Disputed Funds, Plaintiff has been required to retain the services of the law firm of Jackson Walker, L.L.P. to represent it in this proceeding.

24. Plaintiff seeks to recover its costs and reasonable attorneys' fees associated with bringing these claims for interpleader and declaratory relief.

25.   The Court has discretion to award Plaintiff its reasonable attorneys' fees and costs pursuant to 28 U.S.C. §§ 1335 and 2361.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Capital One, N.A. requests the following relief:

i) authorization of its deposit of the Disputed Funds into the registry of the Court which are the funds at issue subject to conflicting claims;

(ii) a declaration that Capital One is a disinterested party and an innocent third-party stakeholder;

(iii) an award to Capital One for its reasonable attorneys' fees and costs incurred in connection with filing this Complaint for Interpleader, with such fees and costs to be deducted from the amount interplead into the registry of the Court;

(iv) a dismissal with prejudice of Capital One from this proceeding; and

(v) a declaration that Capital One is forever released and discharged from all liability to the Defendants and any and all other parties/entities asserting claims to these proceeds or any matter relating to the interpled funds.

Dated: November 13, 2020

Respectfully submitted,

By:   /s/ Jamila Brinson
     Jamila Brinson
     Fed ID No.: 1127492
     State Bar No.: 24074867
     *Attorney-in-Charge*
     JACKSON WALKER, L.L.P.
     1401 McKinney, Suite 1900

       Houston, Texas  77010
       (713) 752-4356
       (713) 308-4221 (Fax)
       jbrinson@jw.com

**ATTORNEYS FOR PLAINTIFF
CAPITAL ONE, N.A.**